IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THOMAS EARL BRADSHAW, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 3:09-cv-0987 |
| v. ) | Judge Echols/Brown |
| ) | |
| TONY PARKER, Warden, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

This action was referred to the Magistrate Judge on March 9, 2010 for further proceedings under Rule 8(b), Habeas Corpus Rules, 28 U.S.C. § 636(b)(1)(B), and Rule 7, L.R.M.P. (Docket Entry 18). Currently pending before the Magistrate Judge is Petitioner's Petition for Writ of Habeas Corpus (Docket Entry 1), to which the Respondent has filed an Answer (Docket Entry 16). Petitioner has also filed a Response (Docket Entry 33) and a supplement to that Response (Docket Entry 36). The undersigned has also reviewed the expanded record. (Docket Entry 17). For the reasons set forth below, the Magistrate Judge **RECOMMENDS** that the Petition be **DENIED** and this matter be **DISMISSED**.

**I. BACKGROUND**

The Petitioner, proceeding *pro se*, is an inmate of the State of Tennessee currently incarcerated at Northwest Correctional Complex in Tiptonville, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Tony Parker, Warden of the facility, seeking a writ of habeas corpus.

Petitioner was charged with eleven (11) total counts on the indictment, including one (1)

1

count of robbery, four (4) counts of aggravated burglary, one (1) count of especially aggravated robbery, three (3) counts of aggravated robbery, one (1) count of attempted aggravated robbery, and one (1) count of aggravated assault. (Docket Entry 17-1, p. 5). Petitioner pled guilty to one count of especially aggravated robbery and one count of aggravated burglary in the Criminal Court of Davidson County on January 24, 2005. (Docket Entry 17-2, pp. 22-27). He was sentenced on October 5, 2005 to thirty (30) years for the especially aggravated robbery and six (6) years for the aggravated burglary, to be served consecutively. (Docket Entry 17-1, p. 2).

Petitioner filed a motion to set aside his guilty plea, which was denied on April 22, 2005. (Docket Entry 17-1, pp. 72-80). Petitioner filed an appeal, which was denied by the Court of Criminal Appeals on February 14, 2006. (Docket Entry 17-6, p. 11). The Tennessee Supreme Court denied his application for permission to appeal on August 28, 2006. (Docket Entry 17-8).

Petitioner filed a petition for post-conviction relief with the Criminal Court for Davidson County, which was denied on November 26, 2007. (Docket Entry 17-9, p. 93). On October 6, 2008, the Court of Criminal Appeals denied Petitioner's appeal. (Docket Entry 17-4). Petitioner's application for permission to appeal to the Tennessee Supreme Court was denied on March 17, 2009. (Docket Entry 17-17). Petitioner filed this Petition for writ of habeas corpus on October 15, 2009. (Docket Entry 1).

## II. PROCEDURAL HISTORY AND FACTS

Petitioner initiated this action with the filing of a habeas corpus petition on October 15, 2009. (Docket Entry 1). Petitioner presents the following claims for relief:

> 1. Petitioner's conviction was based on an unlawfully induced guilty plea or guilty plea involuntarily entered without understanding the nature or consequences of the plea.

2

> 2. Petitioner was denied effective assistance of counsel when trial counsel failed to adequately investigate the facts of the case.

In response to the Court's Order (Docket Entry 7), Respondent has filed an Answer to the Petition. (Docket Entry 16). Petitioner filed a Response. (Docket Entry 33). Having reviewed the Petition, the Respondent's Answer, and the Petitioner's Response to the Answer, it does not appear that an evidentiary hearing is needed in this matter. *See Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003) (an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief).

The Court of Criminal Appeals summarized the facts of Petitioner's claims as follows:

> [T]he petitioner had been linked to a series of robberies in the Nashville area which began on April 22, 2004, with the robbery of 72-year-old Nell Vogel, and included the robberies of four other victims, the youngest of whom was 70 years old. The convictions relate specifically to the especially aggravated robbery and burglary of 88-year-old Vernice Carpenter. During that offense, the petitioner entered the victim's home without her permission, threatened her with a knife, and dragged her from room to room looking for money and other valuables and "causing some severe injuries to her arm." In all, the petitioner took $59, some of which was the victim's church offering, a bank envelope, and an Avon receipt.
>
> On February 16, 2005, the petitioner filed a motion to withdraw his guilty pleas, arguing that the pleas were not knowingly and voluntarily entered. The trial court denied the motion, concluding that the petitioner's "plea was voluntary" because the petitioner "failed to establish that he was in any way coerced, intimidated, pressured, misled or fraudulently induced into entering a plea of guilty." The court also concluded that the petitioner's "feelings of pressure and anxiety fall squarely on his shoulders, and were not the product of any misconduct of his attorney." This court agreed with the conclusions of the trial court, ruling that the petitioner "did not meet his burden of proving that the plea was not knowingly, understandingly, or voluntarily entered."
>
> On June 27, 2005, the petitioner filed a petition for post-conviction relief alleging that he had been denied the effective

assistance of counsel, that his guilty plea was involuntary, that his conviction was based upon the use of a coerced confession, and that his conviction resulted from the State's failure to disclose favorable evidence. On December 19, 2006, the petitioner's appointed counsel filed an amended petition for post-conviction relief, alleging that the petitioner's guilty pleas were not voluntarily and knowingly entered because they were the product of the ineffective assistance provided by his trial counsel. After the post-conviction court denied the State's motion to dismiss the petition on grounds that the issue of the voluntariness of the petitioner's plea had been previously determined, an evidentiary hearing was held on November 7, 2007.

In the hearing, the petitioner testified that on the day he entered his pleas, he believed that his case was scheduled for a status hearing and that he did not realize that the trial would begin that day. He claimed that he was unaware of the details of the plea agreement until the trial court informed him of "what it would be carrying." The petitioner complained that his trial counsel failed to inform him that he could pursue an appeal of the trial court's denial of his pretrial motion to sever the eleven offenses contained in the indictment.

The petitioner testified that prior to the entry of the guilty pleas, trial counsel had not reviewed with him the discovery material provided by the State and had not apprised him of the evidence the State intended to offer at trial. The petitioner stated that he reviewed the discovery materials after pleading guilty and, upon this review, developed the opinion that the State could not prove that Ms. Carpenter had suffered serious bodily injury during the robbery. The petitioner claimed that his trial counsel had failed to explain the elements of especially aggravated robbery and that this failure resulted in the petitioner's pleading guilty " to something that [he] shouldn't a' never had pleaded guilty." The petitioner explained that "a guy" who went with him to the prison library explained the difference between aggravated robbery and especially aggravated robbery. The petitioner sated that he would not have pleaded guilty if he had been given this information because "it would have made all the difference in the world."

During cross-examination, the petitioner acknowledged that he had been convicted of four felonies before incurring the charges in this case and conceded that his trial counsel had informed him that if he were convicted of any of the charges in the indictment, he would be sentenced within Range II. The petitioner insisted that although his potential sentence exposure exceeded 100 years, his lack of

4

understanding of the elements of especially aggravated robbery rather than the desire for a lesser sentence caused him to plead guilty. The petitioner stated that, despite his research, he was unaware that pain and disfigurement could be considered serious bodily injury.

Trial counsel testified that he was appointed to represent the petitioner after his case had already been set for trial by the petitioner's previous attorney. Counsel stated that during his first meeting with the petitioner, he ascertained that the petitioner's defense was one of mistaken identity. Despite claiming that he was not the perpetrator of the crimes alleged in the indictment, the petitioner offered trial counsel no witness or other proof "that would contradict the fact that he was found near the scene with some of the evidence on him" and that his fingerprints were found "inside the homes of some of the victims."

Counsel stated that he apprised the petitioner of the potential sentence exposure, recalling that it "may have been a hundred and forty-eight years, if he was convicted." Counsel testified that he "felt like the evidence was very strong in all of the counts." He recalled that he interviewed each of the victims and concluded that "not only did . . . they ha[ve] a lot of credibility, but because of their age . . . they would have had a lot of sympathy."

Counsel testified that it was his opinion that the issue of whether the victim had suffered serious bodily injury "was definitely a jury question." He elaborated,

> The open wound on her wrist was especially troubling in that it had peeled the skin back and . . . due to the length of it, which . . . was at least three inches long, that anyone could have inferred that that was a very painful injury, in addition to the ringing, or what appeared to be ringing of the arm, just above the wrist, that she suffered.

According to counsel, the injury occurred as the defendant dragged the victim from room to room "looking for more stuff."

During cross-examination, trial counsel testified that he met with the petitioner "at least five if not four times" to discuss "the specifics of the case." Counsel recalled that his predecessor had filed an unsuccessful motion to sever the offenses but could not recall whether he had discussed with the petitioner the right to pursue an

5

> appeal of the denial of that motion. Counsel stated that although the petitioner had initially insisted upon going to trial, he changed his mind upon seeing the victims in the courtroom, prepared to testify against him. Counsel explained, "I don't believe [the petitioner] believed that all of the victims would show up in court." Counsel stated that he did not provide the petitioner with a copy of the discovery materials because predecessor counsel had done so. He recalled that he did discuss the contents of the discovery packet with the petitioner "so that [he] could be sure that [the petitioner] had everything."

(Docket Entry 17-14, pp. 2-5) (internal citations omitted).

### III. ANALYSIS

When a federal habeas corpus claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d). A state adjudication is "contrary to" clearly established federal law if it "arrives at a conclusion opposite that reached by the [United States Supreme] Court on a question of law or . . . decides a case differently than the Court . . . on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 364-65 (2000). Similarly, a state court decision that "identifies the governing legal principle from the [United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case" is contrary to clearly established federal law. *Id.* at 365.

When state courts have made factual determinations regarding issues presented for federal *habeas corpus* review, such determinations are presumed to be correct, and the petitioner has the burden of rebutting that presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). *See Miller-el v. Cockrell*, 537 U.S. 322, 324 (2003). The purpose of federal *habeas corpus* review is to "ensure that state court convictions are given effect to the

6

extent possible under the law," not to conduct a federal re-trial. *Bee v. Cone*, 535 U.S. 685, 693 (2002).

**A. Voluntariness of Guilty Plea**

Petitioner asserts his guilty plea was not entered understandingly, voluntarily, and with knowledge due to misinformation, misunderstanding, and coercion. Petitioner specifically alleges the trial court did not inform him of the nature and elements of the offenses and, specifically, that the element of "serious bodily injury" in especially aggravated robbery was a question for the jury. Petitioner raised this claim in the state courts, and the state courts rejected it.

A plea of guilty is valid if it is entered voluntarily and intelligently, as determined under the totality of the circumstances. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005); *Brady v. United States*, 397 U.S. 742, 749 (1970). The state must show that the petitioner's plea was voluntary, intelligent, and knowing, which is usually demonstrated by a transcript of the plea proceeding. *Stumpf v. Mitchell*, 267 F.3d 594, 600 (6th Cir. 2004), *vacated in part on other grounds by Bradshaw v. Stumpf*, 545 U.S. 175 (2005). To enter a knowing plea, the defendant must understand the true nature of the charge against him. *Stumpf*, 276 F.3d at 608. While the judge need not "explain the elements of each charge to the defendant on the record," "the constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel." *Stumpf*, 545 U.S. at 183. A representation on the record that defense counsel explained the charge to the defendant is also sufficient to show that the defendant had notice of the nature of the charge against him. *Marshall v. Lonberger*, 459 U.S. 422, 436 (1983).

7

While no precise litany of rights waived is required, the record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). Moreover, a waiver of rights form is adequate to show a valid waiver. *Raley v. Parke*, 945 F.2d 137, 141-42 (6th Cir. 1991), *rev'd on other grounds*, 506 U.S. 20 (1992).

Petitioner's primary argument is that the trial court did not comply with Tenn. R. Crim. P. 11 when describing the consequences of the guilty plea, and, as a result, he did not understand the elements of especially aggravated robbery. While the trial judge did not explain the elements of especially aggravated robbery to Petitioner, it is clear from the transcript that Petitioner's counsel did explain those elements to him in court, including the requirement that there be "serious bodily injury," and this is clearly sufficient to show that Petitioner understood the nature of the charge. (Docket Entry 17-2, pp. 12-13). The trial judge did, however, explain the rights Petitioner would waive by pleading guilty. *Id.* at 13-16.

Petitioner repeatedly would not say "guilty" in response to the trial judge's and his attorney's questioning. *Id.* at 23-26. The trial judge and his counsel repeatedly asked him if he wanted to plead guilty, and he eventually answered that he would plead "guilty" to both counts. *Id.* The trial judge asked,

> Let me make sure you understand what you're doing here. On Count 6, on a charge of Aggravated Burglary, you have entered, I believe, a plea of guilty. On Count 7, you've entered a plea of guilty to Especially Aggravated Robbery. Is that your plea? Guilty of both of those counts?

*Id*. at 25-26. In response, the Petitioner answered, "Yeah." *Id.* at 26. Finally, the judge noted,

> Even though this is a little less forthcoming as you usually have it in these cases, I believe, after understanding, after going through all of

8

Case 3:09-cv-00987   Document 43   Filed 07/13/10   Page 8 of 11 PageID #: 567

> those rights and understanding what he's saying, that this defendant
> has entered a plea of guilty. He was saying yes or yeah, or whatever
> he was saying here. Primarily, he ended up saying guilty on Count
> 6 and guilty of Count 7.

*Id*. It is clear from the transcript, then, that Petitioner understood the charges against him and what rights he was waiving by pleading guilty.

In the hearing on his motion to withdraw his guilty plea, Petitioner also testified that he pled guilty to two previous charges, for burglary in 1984 and for armed robbery in 1980. *Id.* at 40-41. He also went to trial on a third charge, attempted second degree murder. *Id.* at 41. Petitioner has simply not demonstrated that the state courts' refusal to allow him to withdraw his guilty plea was contrary to federal law or an unreasonable application of federal law, and his claim should fail.

## C. Effectiveness of Counsel

Petitioner raises claims he was denied the effective assistance of counsel because his trial counsel failed to adequately investigate the facts of the case, specifically whether the victim of the alleged especially aggravated robbery suffered from "serious bodily injury" as a result of the robbery. Petitioner also claims that his guilty plea was entered as the result of ineffective assistance of counsel. The state court rejected Petitioner's claims, and the Magistrate Judge also believes Petitioner's claim should fail.

A claim of constitutionally ineffective assistance of counsel comprises two elements: (1) the attorney's performance must have been deficient, falling below an objective standard of reasonableness; and (2) the attorney's deficient performance must have prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To determine prejudice, it is necessary for the petitioner to show that counsel's failure to act properly rendered the result of the trial and

9

subsequent appeal unreliable or fundamentally unfair. *Lockhard v. Fretwell*, 506 U.S. 364 (1993). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir. 2003).

The Court of Criminal Appeals applied *Strickland* and concluded that Petitioner was unable to show that the attorney's performance was deficient or that he was prejudiced by any deficient performance. (Docket Entry 17-14, pp. 5-6). As trial counsel testified, Petitioner was informed that "serious bodily injury" was an element of especially aggravated robbery and that photos of the victim's wrist wound were "especially troubling." *Id.* at p. 4. Trial counsel also testified that, if convicted, Petitioner would face approximately 148 years in prison. *Id.*

The Magistrate Judge believes Petitioner has not demonstrated that his attorney's performance was deficient. As counsel is strongly presumed to have rendered adequate assistance, Petitioner has not met his burden on this claim. The State's case against Petitioner was "very strong," and trial counsel reasonably advised Petitioner to plead guilty to two charges for a total sentence of thirty-six (36) years. *Id.* Petitioner has submitted no evidence that indicates trial counsel was deficient in advising him to accept the plea agreement rather than face a much longer sentence if convicted of all eleven counts.

Having independently reviewed the record, the undersigned finds that the result of petitioner's trial and appeal was neither unreliable nor unfair. Therefore, the state court judgment with respect to petitioner's ineffective assistance claim was neither contrary to clearly established federal law, nor did it involve an unreasonable application of federal law in light of the evidence.

## IV. CONCLUSION

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that the Petition be **DENIED** and this matter be **DISMISSED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

Entered this 13th day of July, 2010.

/S/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge