UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THOMAS EARL BRADSHAW, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:09-cv-0987 |
| ) | Judge Trauger |
| TONY PARKER, Warden, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

Pending before the court is the Magistrate Judge's Report and Recommendation (R&R) entered on July 13, 2010 (Docket No. 43), to which the petitioner has filed timely objections (Docket No. 54).

**I. STANDARD OF REVIEW**

Under Rule 72(b), Fed. R. Civ. P., and 28 U.S.C. § 636(b)(1), the court is required to make a *de novo* determination of the Magistrate Judge's recommendations to which objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions. Rule 72(b)(3), Fed. R. Civ. P.

**II. ANALYSIS**

The petitioner brings this action pursuant to 28 U.S.C. § 2254 against Tony Parker, Warden of the facility, seeking a writ of *habeas corpus*. (Docket No. 1). The respondent has filed an answer (Docket No. 16). The petitioner also has filed a response (Docket No. 33) and a supplement to that response (Docket No. 36).

The court referred this action to the Magistrate Judge on March 9, 2010, for further proceedings under Rule 8(b), Habeas Corpus Rules, 28 U.S.C. § 636(b)(1)(B), and Rule 7, L.R.M.P. (Docket No. 18). The Magistrate Judge recommended that the petition be denied and this case be dismissed. (Docket No. 43).

In his timely objection, the petitioner sets forth a number of grounds for rejecting the Magistrate Judge's R&R. The court will address each in turn.

First, the petitioner objects to the Magistrate Judge purportedly "finding that his Motion for Summary Judgment is a reply to respondents [sic] Answer." (Docket No. 54 at p.2). On the page cited by the petitioner in his objections, the Magistrate Judge correctly referred to the petitioner's "Response to Respondent's Answer." (Docket No. 33). Indeed, the court can find no motion for summary judgment filed by the petitioner in the record of this case. Thus, this objection is overruled.

Second, the petitioner makes a sweeping, general allegation that the Magistrate Judge "incorrectly states the material facts established by the evidence and set forth in the record of this case, as such; [sic] his specific findings of fact are clearly erroneous." (*Id*.) The petitioner here, however, does not identify the specific findings of material facts with which he takes issue. In his R&R, excluding the background information about the petitioner and the procedural history of the case, the Magistrate Judge adopted verbatim the factual findings by the Tennessee Court of Criminal Appeals. (Docket No. 43 at pp. 3-6).

When state courts have made factual determinations regarding issues presented for federal *habeas* corpus review, such determinations are presumed to be correct, and the petitioner has the burden of rebutting that presumption of correctness by clear and convincing evidence. *See Miller-el*

*v. Cockrell*, 537 U.S. 322, 324 (2003). The petitioner here clearly has not met this burden, as he failed to even identify the specific findings of fact to which he objects. Thus, this objection is also overruled.

Third, in his "Objections to Specific Conclusions of Law",[1] the petitioner contends that the proof put on by the State "essentially comprised the testimony of the State Prosecutor as to what h[e] would prove if he were to take the case to a full jury trial." (Docket No. 54 at p.3). The document to which the petitioner cites, "Docket Entry No. 14, Addendum 1, Attachment 2 pg. 45," provides no support for the petitioner's assertion, as Docket No. 14 in this case is a certified mail receipt. (Docket No. 14). However, the court surmises that the petitioner intended to cite to page 45 of Docket No. 17, Addendum 1, Volume 1, which is a motion in limine filed by the petitioner (then defendant) prior to the entry of his guilty plea in state court. The motion sought a court ruling that, during the defendant's trial, the District Attorney General, his assistants and staff, and any other witnesses of the State not be allowed to: give their own opinions as to the reliability or credibility of defendant's or a defense witness's testimony, give their own opinions as to the guilt or innocence of the defendant, argue that the defendant is guilty merely because is being prosecuted or has been indicted, and argue or infer that the defendant failed to prove himself innocent. (Docket No. 17, Addendum 1, Volume 1, p. 45).

The motion in limine is a document prepared by defense counsel; the document itself does not provide any support for the petitioner's assertion that "essentially" the only proof advanced by the State at petitioner's trial was the testimony of the prosecutor. Furthermore, there was no trial

---

[1] In this same section, the petitioner attempts to challenge a number of the Magistrate Judge's findings, but many of the petitioner's arguments are incomplete and unintelligible. For instance, the petitioner states: "First, the petitioner objects to the Magistrates [sic] conclusion of law that ' '". (*Id.*) Another example is that the petitioner states: "More over, the question of whether _____ presents a mixed question of law and fact." (*Id.*)

3

on the petitioner's underlying criminal charges. The petitioner entered a plea of guilty. (Docket No. 17, Addendum 1, Volume 2, Transcript of Guilty Plea Hearing). Thus, this objection is overruled.

The petitioner also contends that the circumstantial evidence presented at trial was insufficient to convict him. (Docket No. 54 at 3). As noted above, there was no trial on the petitioner's underlying criminal charges, as the petitioner entered a plea of guilty. (Docket No. 17, Addendum 1, Volume 2, Transcript of Guilty Plea Hearing). As such, this objection is overruled.

Fourth,[2] the petitioner objects to the Magistrate Judge's conclusion of law that the petitioner has not demonstrated that his attorney's performance was deficient. (Docket No. 54 at p. 4). In his § 2254 petition, the petitioner argues that he was denied effective assistance of counsel because his trial counsel failed to adequately investigate the facts of the case, specifically whether the victim of the alleged especially aggravated robbery suffered from "serious bodily injury" as a result of the robbery (Docket No. 1 at pp. 16-17); that his guilty plea was entered as a result of ineffective assistance of counsel (*Id*. at pp. 5-16) ; and that his attorney should have investigated and presented mitigating evidence at the petitioner's sentencing hearing (*Id*. at p. 17).

As the Magistrate Judge correctly noted, a claim of constitutionally ineffective assistance of counsel comprises two elements: (1) the attorney's performance must have been deficient, falling below an objective standard of reasonableness; and (2) the attorney's deficient performance must have prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To determine prejudice, it is necessary for the petitioner to show that counsel's failure to act properly rendered the result of the trial and subsequent appeal unreliable or fundamentally unfair. *Lockhard v. Fretwell*,

---

[2]Notably, the petitioner does **not** object to the Magistrate Judge's finding that "Petitioner has simply not demonstrated that the state courts' refusal to allow him to withdraw his guilty plea was contrary to federal law or an unreasonable application of federal law, and his claim should fail." (Docket No. 43 at p. 9).

4

506 U.S. 364 (1993). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir. 2003).

In his R&R (Docket No. 43 at p. 9), the Magistrate Judge analyzed the petitioner's ineffective assistance of counsel claims that his trial counsel failed to adequately investigate the facts of the case, specifically whether the victim of the alleged especially aggravated robbery suffered from "serious bodily injury" as a result of the robbery (Docket No. 1 at pp. 16-17), and that his guilty plea was not knowing or voluntary (*Id*. at pp. 5-16). The Magistrate Judge recounted the pertinent facts:

> As trial counsel testified, Petitioner was informed that "serious bodily injury" was an element of especially aggravated robbery and that photos of the victim's wrist wound were "especially troubling." Trial counsel also testified that, if convicted, Petitioner would face approximately 148 years in prison.
> \* \* \*
> The State's case against Petitioner was "very strong," and trial counsel reasonably advised Petitioner to plead guilty to two charges for a total sentence of thirty-six (36) years. Petitioner has submitted no evidence that indicates trial counsel was deficient in advising him to accept the plea agreement rather than face a much longer sentence if convicted of all eleven counts.

(Docket No. 43 at p. 10)(internal citations omitted). The Magistrate Judge then concluded that the petitioner had not demonstrated that his attorney's performance was deficient, and that the result of petitioner's trial and appeal was neither unreliable nor unfair. (*Id*.)

The court has carefully reviewed the record and agrees with the Magistrate Judge's conclusion. First, the record shows that, despite the petitioner's argument that his attorney failed to investigate whether "serious bodily injury" could be proven at trial, photographs were admitted during the evidentiary hearing showing a laceration to the victim's wrist along with bruises to her

face and arms. Trial counsel testified that the issue of whether the victim suffered a serious bodily injury was a "jury question." Trial counsel also testified that he informed the petitioner of the elements of especially aggravated robbery and that counsel specifically discussed with the petitioner that the proof of the serious bodily injury element was not strong. The state post-conviction court accredited trial counsel's testimony. The court agrees with the state courts, and with the Magistrate Judge, that the petitioner has not come forward with any proof to support his claim that his trial counsel performed deficiently in investigating whether all elements of especially aggravated robbery could be proven and in recommending that the petitioner accept a plea agreement providing for a significantly lower sentence than that he would have faced if convicted. Accordingly, the petitioner's objection is overruled.

Second, the court is not persuaded by the petitioner's repeated insistence that he was "confused" and "caught off guard" by the proceedings and that he did not know that he was pleading guilty until the middle of the hearing. As the state courts noted, the petitioner has twice previously pleaded guilty to felony offenses. The petitioner went to trial on a third felony offense and was found guilty. Further, the petitioner had been to court six (6) times on the charges listed in the indictments for the case, and he had participated in more than three (3) hours of plea negotiations on the day of the trial. *See Bradshaw*, 2006 WL 770459, at *7. The court agrees with the state courts, and with the Magistrate Judge, that the petitioner has adduced no evidence which would cause the court to conclude that the plea was not entered knowingly and voluntarily. Accordingly, the petitioner's objection is overruled.

For all the reasons explained above, the court will adopt and approve the R&R as to the matters addressed therein. However, the court has independently reviewed the record, and finds

6

that the petitioner has also raised an ineffective assistance of counsel claim based on his attorney's alleged failure to investigate and present mitigating evidence at the petitioner's sentencing hearing, (*see* Docket No. 1 at p. 17), which the Magistrate Judge did not address in the R&R. In his objections to the R&R, the petitioner specifically, and at some length, discusses his theory as to how his attorney's failure to investigate the mitigating evidence of the petitioner's mental health constitutes ineffective assistance of counsel. (Docket No. 54 at pp. 4-8). The petitioner also cites case law in support of his argument that his attorney's failure to present such mitigating evidence prejudiced him, in that the petitioner claims to have received a greater sentence than he would have had his attorney presented the mitigating evidence. (*Id.*)

Accordingly, the petitioner's objection is sustained to the extent that the petitioner alleges that the court has not yet addressed his claim of ineffective assistance of counsel based on his attorney's alleged failure to investigate and present mitigating evidence pertaining to the petitioner's mental health at the petitioner's sentencing hearing. Therefore, the case is recommitted to the Magistrate Judge for the specific purpose of considering that claim. The Magistrate Judge will consider whether the claim has been procedurally defaulted,[3] as well as whether the petitioner's procedural default, if any, is excused by a showing of cause and prejudice.

### III. CONCLUSION

After reviewing the record, including the R&R and the petitioner's objections thereto, the court is of the opinion that, as to the matters addressed in the R&R, the Magistrate Judge's

---

[3] In the respondent's answer to the petition, the respondent states: "Petitioner further asserts that counsel failed to investigate and present any mitigating evidence during the sentencing proceeding. Although petitioner challenged counsel's performance in his state post-conviction proceeding, he did not specifically raise counsel's performance **with respect to the sentence**. To that extent, therefore, this claim is procedurally defaulted." (Docket No. 15 at pp. 11-12)(emphasis added).

conclusions and recommendations are correct. Accordingly, the R&R is **ACCEPTED**, and is **ADOPTED** as the findings of fact and conclusions of law of this court. However, the case is **RECOMMITTED** to the Magistrate Judge for the specific purpose of considering the petitioner's claim of ineffective assistance of counsel based on his attorney's alleged failure to investigate and present mitigating evidence pertaining to the petitioner's mental health at the petitioner's sentencing hearing.

An appropriate order shall enter.

Aleta A. Trauger
United States District Judge