IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| THOMAS EARL BRADSHAW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 3:09-cv-0987 |
| v. | ) | Judge Trauger/Brown |
| | ) | |
| TONY PARKER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

This action was originally referred to the Magistrate Judge on March 9, 2010 for further proceedings under Rule 8(b), Habeas Corpus Rules, 28 U.S.C. § 636(b)(1)(B), and Rule 7, L.R.M.P. (Docket Entry 18). On July 13, 2010, the Magistrate Judge issued a Report and Recommendation, recommending that the Petition be denied and the action be dismissed. (Docket Entry 43). Petitioner filed an Objection to the Report and Recommendation on August 16, 2010. (Docket Entry 54). The District Judge adopted and approved the Report and Recommendation but recommitted the action to the Magistrate Judge to consider Petitioner's claim of ineffective assistance of counsel in his sentencing. (Docket Entry 56). For the reasons set forth below, the Magistrate Judge again **RECOMMENDS** that the Petition be **DENIED** and this matter be **DISMISSED**.

## I. BACKGROUND AND FACTS

The Report and Recommendation contains a full account of the background and facts underlying the Petition. (Docket Entry 43). For purposes of this Report and Recommendation, only the background and facts pertinent to Petitioner's claim that he received ineffective

1

assistance of counsel at his sentencing hearing are recounted.

In his Petition, Petitioner alleges

> that trial counsel's failure to investigate and present any mitigating evidence during the sentencing phase of the case so undermined the adversarial process that Petitioner's sentence was not reliable. In this case, trial counsel "did not" present any mitigating evidence because he did not think that it would do any good.

(Docket Entry 1, p. 17). Petitioner expanded on this brief allegation in his objections to the Report and Recommendation. (Docket Entry 54). Petitioner states that he was previously diagnosed as addicted to heroin and had "tendencies to be influenced by drugs." *Id.* at p. 5. For this reason, he claims his counsel was constitutionally deficient in not seeking and introducing the opinion of a psychological expert at the sentencing hearing.

## II. ANALYSIS

The Magistrate Judge believes Petitioner's claim that his counsel was constitutionally deficient at the sentencing stage should fail, because Petitioner has not exhausted his available state remedies. A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b)(1); *Cohen v. Tate*, 779 F.2d 1181, 1184 (6th Cir. 1985). Although exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine that promotes comity between the state and federal governments by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *Granberry v. Greer*, 481 U.S. 129 (1987). As a condition precedent to seeking federal habeas corpus relief, the petitioner is required to have fairly presented his claims to the state courts. *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) ("[A] federal habeas petitioner . . .

[must] provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim."). A claim cannot have been fairly presented unless it has been raised at every level of the state court system for consideration. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Moreover, "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). The exhaustion requirement is satisfied if the petitioner's federal claim has been raised in the highest state court available, even if that court refused to consider the claim. *Manning v. Alexander*, 912 F.2d 878, 883 (6th Cir. 1990).

While Petitioner raised an ineffective assistance of counsel claim in his Petition for Relief from Conviction, he did not present his theory that counsel failed to present evidence during his sentencing hearing. (Docket Entry 17-9, pp. 34-52). This theory was also absent from his Amended Petition for Post-Conviction Relief. *Id.* at pp. 53-59. Petitioner claimed only that his counsel failed to investigate the State's case and failed to adequately explain the plea bargain. There was no mention of his counsel's alleged failure to obtain a psychiatric evaluation or present evidence at the sentencing hearing. Because Petitioner failed to raise this theory in the highest state court available, the Magistrate Judge believes this claim is not exhausted and, therefore, should be denied.

### III. CONCLUSION

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that the Petition be **DENIED** and this matter be **DISMISSED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

Entered this 27th day of October, 2010.

/S/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge